# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
219 SOUTH DEARBORN STREET
CHICAGO. ILLINOIS 60604
**Kenneth S. Gardner**, Bankruptcy Clerk

Date:    July 17, 2008

To:    Michael Dobbins, Clerk
United States District Court
219 South Dearborn Street
Chicago, IL 60604

**08CV4062**
**JUDGE DOW**
**MAG.JUDGE NOLAN**

RE:    Bankruptcy Case Number:

Debtor:

Adversary Case Number:                    08 A 00083

Plaintiff:            David P Leibowitz, Trustee of the Estate of Dorothy Jean Black

Defendant:            Barnes Auto Group Inc and Turner Acceptance Corp

Pursuant to Rule 9033 (d) of the Bankruptcy Rules of Procedure, transmitted herewith is:

☑    Proposed Findings of Fact and Conclusions of Law

☐    Objections

☐    Responses                    **F I L E D**

☐    Transcript of Record                    JUL **1 7** 2008

☐    Designation of Record with Record included        MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

☑    Other

Dorothy Carroll Team B
Case Administrator

cc: Bankruptcy Judge

# 08CV4062
# JUDGE DOW
# MAG.JUDGE NOLAN

**FeeDeferred**

**U.S. Bankruptcy Court**
**Northern District of Illinois (Chicago)**
**Adversary Proceeding #: 08-00083**



*Assigned to:* Honorable Judge John H. Squires
*Related BK Case:* 07-11416
*Related BK Title:* Dorothy Jean Black
*Related BK Chapter:* 7
*Demand:*
*Nature[s] of Suit:* 14 Recovery of money/property - other

Date Filed: 02/13/08

This is to certify that the within and annexed document is a full, true and correct copy of the original thereof as the same appears on file in the office of the Clerk of the United States Bankruptcy Court for the Northern District of Illinois.

KENNETH S. GARDNER
CLERK OF COURT

By _____
Deputy Clerk

Dated _____

**Plaintiff**
-----------------------

**David P. Leibowitz,** *Trustee of the*
*Estate of Dorothy Jean Black*

represented by **David P Leibowitz, ESQ**
Leibowitz Law Center
420 Clayton Street
Waukegan, IL 60085-4232
847-249-9100
Fax : 847-249-9180
Email: dleibowitz@lakelaw.com

**David P Leibowitz, ESQ**
Leibowitz Law Center
420 Clayton Street
Waukegan, IL 60085-4232
847-249-9100
Email: dleibowitz@lakelaw.com
*LEAD ATTORNEY*



F I L E D

JUL 1 7 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

V.

**Defendant**
-----------------------

**Turner Acceptance Corp**

represented by **Ronald W. Kalish**
Steinberg, Goodman & Kalish
20 N. Clark St
31st Floor
Chicago, IL 60602
312 782-1386 Ext. 3206
Fax : 312 782-6739
Email: rkalish@sgklawyers.com

**Barnes Auto Group, Inc.**

represented by **Alexander D. Marks**
Burke, Warren, MacKay & Serritella PC
330 North Wabash Ave.
22nd Floor
Chicago, IL 60611

312 840-7000 Ext. 7022
Email: amarks@burkelaw.com

| Filing Date | # | Docket Text |
|---|---|---|
| 04/17/2008 | ●7 | Hearing Continued (RE: 1 Complaint, ). Status hearing to be held on 5/1/2008 at 09:30 AM at 219 South Dearborn, Courtroom 680, Chicago, Illinois 60604. (Askew, Althea) (Entered: 04/17/2008) |
| 04/22/2008 | ●8 | Notice of Motion and Motion for Default Judgment against Barnes Auto Group, Inc. and in favor of David P. Leibowitz, Trustee, Plaintiff Filed by Plaintiff David P. Leibowitz. Hearing scheduled for 5/1/2008 at 09:30 AM at 219 South Dearborn, Courtroom 680, Chicago, Illinois 60604. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Proposed Order) (Leibowitz, David) (Entered: 04/22/2008) |
| 04/23/2008 | ●9 | Answer to Complaint Filed by Ronald W. Kalish on behalf of Turner Acceptance Corp. (Kalish, Ronald) (Entered: 04/23/2008) |
| 04/23/2008 | ●10 | Notice of Motion and Motion For Summary Judgment in favor of Turner Acceptance and against David P. Leibowitz, Trustee Filed by Ronald W. Kalish on behalf of Turner Acceptance Corp. Hearing scheduled for 5/5/2008 at 10:00 AM at 219 South Dearborn, Courtroom 680, Chicago, Illinois 60604. (Kalish, Ronald) (Entered: 04/23/2008) |
| 04/23/2008 | ●11 | Memorandum in Support In support of Motion for Summary Judgment and Motion to Dismiss Filed by Ronald W. Kalish on behalf of Turner Acceptance Corp (RE: 10 Motion for Summary Judgment, ). (Kalish, Ronald) (Entered: 04/23/2008) |
| 04/23/2008 | ●12 | Statement of Uncontested Material Facts in Support of Motion for Summary Judgment Filed by Ronald W. Kalish on behalf of Turner Acceptance Corp (RE: 10 Motion for Summary Judgment, ). (Kalish, Ronald) (Entered: 04/23/2008) |
| 04/23/2008 | ●13 | Amended Notice of Motion Filed by Ronald W. Kalish on behalf of Turner Acceptance Corp (RE: 10 Motion for Summary Judgment, ). Hearing scheduled for 5/5/2008 at 10:00 AM at 219 South Dearborn, Courtroom 680, Chicago, Illinois 60604. (Kalish, Ronald) (Entered: 04/23/2008) |
| 05/01/2008 | ●14 | Order of Default against defendant, Barnes Auto Group, Inc. Leave is given Plaintiff to file supplemental brief to the motion for default judgment on or before 5/20/2008. Further order to be entered (RE: 1 Complaint, ). Signed on 5/1/2008 (Riddick, Debbie) (Entered: 05/05/2008) |

| 05/01/2008 | ●15 | Order Scheduling (RE: 10 Motion for Summary Judgment, ). Reply due by: 6/3/2008 Responses due by 5/20/2008. Signed on 5/1/2008 (Riddick, Debbie) (Entered: 05/05/2008) |
|---|---|---|
| 05/19/2008 | ●16 | Memorandum Filed by Plaintiff David P. Leibowitz (RE: 8 Motion for Default Judgment, ). (Attachments: # 1 Exhibit A)(Leibowitz, David) (Entered: 05/19/2008) |
| 05/19/2008 | ●17 | Declaration Filed by Plaintiff David P. Leibowitz (RE: 16 Memorandum). (Leibowitz, David) (Entered: 05/19/2008) |
| 05/19/2008 | ●18 | Notice of Filing Filed by Plaintiff David P. Leibowitz (RE: 16 Memorandum). (Leibowitz, David) (Entered: 05/19/2008) |
| 05/19/2008 | ●19 | Response to (related document(s): 10 Motion for Summary Judgment, ) Filed by David P Leibowitz ESQ on behalf of David P. Leibowitz (Attachments: # 1 Exhibit A) (Leibowitz, David) (Entered: 05/19/2008) |
| 05/19/2008 | ●20 | Notice of Filing Filed by Plaintiff David P. Leibowitz (RE: 19 Response). (Leibowitz, David) (Entered: 05/19/2008) |
| 05/30/2008 | ●21 | Appearance Filed by Alexander D. Marks on behalf of Barnes Auto Group, Inc.. (Marks, Alexander) (Entered: 05/30/2008) |
| 06/05/2008 | ●22 | Reply in Support to (related document(s): 10 Motion for Summary Judgment, ) Filed by Ronald W. Kalish on behalf of Turner Acceptance Corp (Kalish, Ronald) (Entered: 06/05/2008) |
| 06/23/2008 | ●23 | Proposed Finding of Facts and Conclusions of Law (RE: 10 Motion for Summary Judgment, and RE: 8 Motion for Default Judgment). (Beemster, Greg) Modified on 6/23/2008 (Carroll, Dorothy). (Entered: 06/23/2008) |
| 06/23/2008 | ●24 | Certificate of Service (RE: 23 Finding of Fact and Conclusions of Law). (Beemster, Greg) (Entered: 06/23/2008) |

**08CV4062**
**JUDGE DOW**
**MAG.JUDGE NOLAN**

UNITED STATES BAN
NORTHERN DISTRI
EASTERN D

| | |
|---|---|
| IN RE: | ) Bankruptcy No. 07 B 11416 |
| | ) Chapter 7 |
| DOROTHY JEAN BLACK, | ) Judge John H. Squires |
| | ) |
| Debtor. | ) |
| | ) |
| DAVID P. LEIBOWITZ, Trustee of the | ) Adversary No. 08 A 00083 |
| Estate of Dorothy Jean Black, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BARNES AUTO GROUP, INC. and | ) |
| TURNER ACCEPTANCE | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**F I L E D**

JUL 1 7 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

These matters come before the Court on the motion of David P. Leibowitz, the

Chapter 7 trustee (the "Trustee") of the estate of Dorothy Jean Black (the "Debtor"), for

default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), made applicable by

Federal Rule of Bankruptcy Procedure 7055, against Barnes Auto Group, Inc. ("Barnes")

with respect to Counts I, II, and III of the complaint, and on the motion of Turner Acceptance

Corporation ("Turner") for summary judgment as to Count I of the complaint pursuant to

Federal Rule of Civil Procedure 56, made applicable by Federal Rule of Bankruptcy

Procedure 7056, and to dismiss Count III of the complaint under Federal Rule of Civil

Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012.   For

-2-

the reasons set forth herein, the Court enters its proposed findings of fact and conclusions of law and recommends the District Court deny the Trustee's motion for default judgment against Barnes under Counts I, II, and III of the complaint. In addition, based on the consent of the Trustee, the Court recommends the District Court dismiss Count I of the complaint as to Turner. Finally, the Court recommends the District Court grant Turner's motion to dismiss Count III of the complaint.

## I.  JURISDICTION AND PROCEDURE

The Court has jurisdiction over the Debtor's bankruptcy case pursuant to 28 U.S.C. §§ 1334(a) and 157(a), and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. In an adversary proceeding, a court must consider whether each count of the complaint is a core proceeding, a non-core related matter, or a claim unrelated to the bankruptcy case. *Baker Dev. Corp. v. Mulder (In re Mulder)*, 307 B.R. 637, 640 (Bankr. N.D. Ill. 2004). The Seventh Circuit has provided the following test to determine whether a matter is a core proceeding: "[A] proceeding is core . . . if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Diamond Mortgage Corp of Ill. v. Sugar*, 913 F.2d 1233, 1239 (7th Cir. 1990) (internal quotation omitted).

The Court has jurisdiction to determine whether it has jurisdiction over Counts I, II, and III of the complaint. *See Mulder*, 307 B.R. at 640. Those counts allege claims under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (the "TILA") and Regulation Z, 12 C.F.R. § 226.18, the Illinois Consumer Fraud and Deceptive Business Practices Act,  815 ILL.

-3-

COMP. STAT. 505/1 *et seq.* (the "ICFDBPA"), and seek recission of the Contract on the basis of unconscionability. The Court finds Counts I, II, and III of the complaint are non-core related matters. The Trustee's claims against Barnes and Turner do not satisfy the test for core proceedings set forth by the Seventh Circuit. These claims do not "arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by... state law." *In re United States Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997). Moreover, these claims do not uniquely occur in connection with this bankruptcy case so as to "arise in" this case. Rather, they are federal, state, and common law claims that are not unique to bankruptcy proceedings in general or this case in particular. The Seventh Circuit has stated that a bankruptcy court's "related to jurisdiction" encompasses "'tort, contract, and other legal claims by and against the debtor, *claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others. . . .*'" *In re FedPak Sys., Inc.*, 80 F.3d 207, 214 (7th Cir. 1996) (*quoting Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir. 1994)).

Because the Trustee's claims of violations of the TILA, the ICFDBPA, and his request for recission of the Contract on the basis of unconscionability arise outside the context of the bankruptcy case, they are non-core related matters. The Court finds Counts I, II, and III of this adversary proceeding fall within the bankruptcy court's non-core "related to" jurisdiction because a judgment in favor of the Trustee, if recovered, would bring assets into the estate, thereby increasing the pool available for distribution to creditors. *See Diamond Mortgage*, 913 F.2d at 1239. Accordingly, the Court is required, pursuant to 28

-4-

U.S.C. § 157(c)(1), to submit proposed findings of fact and conclusions of law to the District Court. To the extent a conclusion of law is improperly characterized as a finding of fact, it should be considered a conclusion of law. To the extent a finding of fact is improperly characterized as a conclusion of law, it should be considered a finding of fact. *See In re Piper's Alley Co.*, 69 B.R. 382, 384 (N.D. Ill. 1987).

## II. FACTS AND BACKGROUND

The facts are undisputed. On March 23, 2006, the Debtor entered into a retail installment contract (the "Contract") with Barnes for the Debtor's purchase of a used 1999 Dodge Caravan motor vehicle (the "Vehicle"). (Mem. in Supp. of Mot. for Default J. Ex. A.) Turner is engaged in the business of the indirect purchase of motor vehicle installment contracts and is the assignee of the Contract entered into between the Debtor and Barnes. The Contract contains a Federal Truth-in-Lending Disclosure Statement (the "Disclosure Statement") which provides the Debtor is obligated to make twenty-two payments each in the amount of $300.00. (*Id.*) The product of $300.00 times twenty-two months is $6,600. However, the Disclosure Statement provides that the "Total of Payments," defined therein as "[t]he amount you will have paid after you have made all payments as scheduled," is $6,892.21. (*Id.*) Under the Contract, the Debtor is obligated to pay a total of $6,892.21 through twenty-two monthly payments of $300.00, with a final payment of $292.21. The Disclosure Statement omitted from its payment schedule the final payment of $292.21, but accurately set forth the total of payments to be $6,892.21. The Contract also provides for an annual percentage rate of 44% and contains a wage assignment. (*Id.*) The wage assignment

-5-

states that the amount of the debt is $6,892.21, payable in successive monthly installments of $300.00. (*Id.*)

The Debtor filed a Chapter 13 bankruptcy petition on June 26, 2007. The case was converted to Chapter 7 on November 8, 2007. Thereafter, the Trustee was appointed.

On February 13, 2008, the Trustee filed a complaint commencing this adversary proceeding. Pursuant to the complaint, the Trustee alleges the following claims: Count I–Barnes and Turner violated the TILA; Count II–Barnes violated the ICFDBPA; and Count III–rescission of the Contract based on unconscionability. Specifically, the Trustee alleges the Contract contains inconsistent and confusing information about the total amount due thereunder. The Trustee contends this discrepancy violates the TILA and the ICFDBPA. Further, the Trustee maintains the 44% interest rate together with the wage assignment render the Contract unfair, deceptive, and unconscionable. The Trustee seeks to rescind the Contract and seeks restitution for the Debtor's estate, including punitive damages. The complaint also alleges Turner may have repossessed the Vehicle at some point. The case docket shows the Court entered an order on March 11, 2008, on Turner's motion, lifting the automatic stay as to the Vehicle. Since the filing of the Trustee's complaint, the Vehicle has been sold.

Barnes failed to answer or otherwise file a responsive pleading to the complaint. As a result, on April 22, 2008, the Trustee filed a motion for default judgment against Barnes. On May 1, 2008, the Court entered an order of default against Barnes, and required the Trustee to file a supplemental brief in support of the motion for default judgment. The Trustee filed his brief on May 19, 2008. Thereafter, an attorney for Barnes entered an

-6-

appearance in this adversary proceeding on May 30, 2008, but to date has not taken any action to plead or otherwise seek to vacate the default against Barnes.

On April 23, 2008, Turner filed a motion for summary judgment as to Count I of the complaint and a motion to dismiss Count III of the complaint. Pursuant to its motion with respect to Count I, Turner argues that the Trustee's claim for damages under the TILA is barred by the applicable one-year statute of limitations under 15 U.S.C. § 1640(e). In his response to the motion for summary judgment, the Trustee consents to dismissal of the TILA claim against Turner under Count I of the complaint. Accordingly, the Court recommends the District Court dismiss Count I of the complaint as to Turner.

## III. DISCUSSION

### A.    Turner's Motion to Dismiss Count III of the Complaint

Pursuant to Count III of the complaint, the Trustee contends the Contract is unjust and inequitable so as to shock the conscience with an interest rate of 44% and an assignable wage assignment. Turner argues Count III should be dismissed because the Trustee cannot state a claim upon which relief can be granted predicated upon the interest rate provided for in the Contract and the fact that the Contract was secured by a wage assignment.

#### 1.    Standards Governing Motions to Dismiss

Turner seeks to dismiss Count III of the complaint pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6), which incorporates by reference Federal Rule of Civil Procedure 12. Rule 12(b)(6) and its bankruptcy analogue Rule 7012, permit a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. The

-7-

purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, not to decide

the merits. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Neiman v. Irmen (In*

*re Irmen)*, 379 B.R. 299, 307 (Bankr. N.D. Ill. 2007). In determining the propriety of

dismissal, a court must accept the allegations of the complaint as true, and draw all

reasonable inferences in a light most favorable to the plaintiff. *Brown v. Budz*, 398 F.3d 904,

908 (7th Cir. 2005). A complaint is not required to contain detailed factual allegations, but

it is not enough merely that there might be some conceivable set of facts that entitles the

plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Rather, to

be cognizable, the factual allegations contained within a complaint must raise a claim for

relief "above the speculative level." *Id.* at 1965. The Seventh Circuit Court of Appeals

explained how to state a claim that survives Rule 12(b)(6) scrutiny:

> First, the complaint must describe the claim in sufficient
> detail to give the defendant 'fair notice of what the . . . claim
> is and the grounds upon which it rests.' Second, its
> allegations must plausibly suggest that the plaintiff has a right
> to relief, raising that possibility above a 'speculative level'; if
> they do not, the plaintiff pleads itself out of court.

*E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (*quoting*

*Twombly*, 127 S.Ct. at 1964-65).

### 2.    Whether the Contract is Unconscionable

The Trustee alleges the 44% interest rate and the wage assignment render the

Contract unconscionable. Specifically, the Trustee states in paragraph 15 of Count III of the

complaint as follows: "[n]ot only was the . . . Contract unfair and deceptive, it was so unjust

-8-

and inequitable as to shock the conscience, with interest at 44% together with an assignable wage assignment." (Compl. ¶ 15.)

The determination of whether a contract clause is unconscionable is a matter of law to be decided by the court. *Razor v. Hyundai Motor Am.*, 854 N.E.2d 607, 622 (Ill. 2006). Unconscionability can be either procedural or substantive or a combination of both. *Kinkel v. Cingular Wireless LLC*, 857 N.E.2d 250, 263 (Ill. 2006); *Razor*, 854 N.E.2d at 622. "Procedural unconscionability refers to a situation where a term is so difficult to find, read, or understand that the plaintiff cannot fairly be said to have been aware he was agreeing to it, and also takes into account a lack of bargaining power." *Razor*, 854 N.E.2d at 622. Procedural unconscionability relates to some impropriety during the formation of the contract that deprived a party of a meaningful choice. *Kinkel*, 857 N.E.2d at 264. Substantive unconscionability, on the other hand, "refers to those terms which are inordinately one-sided in one party's favor." *Razor*, 854 N.E.2d at 622. Substantive unconscionability concerns the actual terms of the contract and examines the fairness of the obligations assumed. *Kinkel*, 857 N.E.2d at 267.

The Court finds the Trustee's unconscionability claim based upon the interest rate and the wage assignment fails as a matter of law because both are permitted in Illinois. First, the Court will address the interest rate in the Contract. It is well established in Illinois that retail installment contracts for the purchase of automobiles are not subject to any limitation on the rate of interest that can be charged. Specifically, section 21 of the Motor Vehicle Retail Installment Sales Act provides as follows: "[n]otwithstanding the provisions of any other statute, for motor vehicle retail installment contracts executed after September 25,

-9-

1981, there shall be no limit on the finance charges which may be charged, collected, and received." 815 ILL. COMP. STAT. 375/21. Thus, as a matter of law, Barnes and Turner are permitted to charge any rate of interest in connection with the purchase and sale of an automobile, and may exact any amount of finance charges. *See Gen. Motors Acceptance Corp. v. Kettelson*, 580 N.E.2d 187 (Ill. App. Ct. 1991) (holding that because the Illinois Interest Act did not apply to the purchase and sale of an automobile, the 13% annual percentage rate in the sales contract, which constituted a "finance charge," was not usurious). Hence, because the Illinois Motor Vehicle Retail Installment Sales Act specifically permits unlimited finance charges, the 44% rate of interest in the Contract cannot be the predicate for the Trustee's unconscionability claim. Rather, it is a matter for the collective wisdom of the Illinois General Assembly to reinstate interest rate caps or usury laws if it so desires to legislate same. That is not the function of this Court, no matter how high the contractually agreed interest rate. Hence, the Contract is not unconscionable based on the rate of interest.

Next, the Trustee predicates his unconscionability claim on the presence of a wage assignment in the Contract. Pursuant to the Illinois Wage Assignment Act, Illinois permits the use of wage assignments to secure loans such as the Contract at issue. 740 ILL. COMP. STAT. 170/.01 *et seq.* Thus, the Court finds that the mere presence of a wage assignment in the Contract does not render the Contract unconscionable. The Trustee has not alleged how the wage assignment in the Contract, other than its presence, renders the Contract unconscionable. The Trustee fails to cite any legal authority for his position that the wage assignment renders the Contract unconscionable. "[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived. . . ."

-10-

*United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000). The Court does not have a duty to research and construct legal arguments available to a party. *See Head Start Family Educ. Program, Inc. v. Coop. Educ. Serv. Agency 11*, 46 F.3d 629, 635 (7th Cir. 1995). Moreover, a litigant who fails to support a request with pertinent authority forfeits that request. *LINC Fin. Corp. v. Onwuteaka*, 129 F.3d 917, 922 (7th Cir. 1997); *Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990). Thus, the Trustee forfeits this argument.

In sum, the Court finds the Trustee failed to demonstrate he has a right to relief under Count III of the complaint and failed to state a claim upon which relief can be granted. Accordingly, the Court recommends the District Court grant the motion to dismiss Count III of the complaint as to Turner pursuant to Rule 12(b)(6).

**B.     The Trustee's Motion for Default Judgment Against Barnes Under Counts I, II, and III of the Complaint**

**1.     Standards Governing the Entry of Default Judgments**

The Trustee seeks a default judgment against Barnes with respect to Counts I, II, and III of the complaint. The Court will address each count of the complaint in turn. Federal Rule of Bankruptcy Procedure 7055, which incorporates by reference Federal Rule of Civil Procedure 55, governs the entry of default judgments by a court. FED. R. BANKR. P. 7055(b)(2). Whether a motion for the entry of a default judgment should be granted lies within the sound discretion of the trial court. *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990) (*citing Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983)). A movant is not entitled to a default judgment as a matter of right even though a party is technically in default under Rule 55(a).

-11-

*Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). In order to merit default judgment, a plaintiff must be entitled to judgment as a matter of law, assuming that the factual allegations are, by reason of the default, true. *Cass County Music Co. v. Muedini*, 55 F.3d 263, 265-66 (7th Cir. 1995).

### 2.    Count I of the Complaint

Under Count I of the complaint, the Trustee alleges Barnes violated the TILA as a result of false and misleading information in the Disclosure Statement with respect to the amount the Debtor owes under the Contract. Disclosure violations under the TILA must be brought within one year from the date of the violation. *Jenkins v. Mercantile Mortgage Co.*, 231 F. Supp. 2d 737, 745 (N.D. Ill. 2002). Specifically, the limitations provision of the TILA provides as follows: "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The failure to bring an action for damages within the one-year limitations period bars the action. *Basham v. Fin. Am. Corp.*, 583 F.2d 918, 927 (7th Cir. 1978). "A credit transaction is consummated for the purposes of TILA when the plaintiffs become contractually obligated on a credit transaction; in this case, the consummation being the closing of the loan." *Dowdy v. First Metro. Mortgage Co.*, No. 01 C 7211, 2002 WL 745851, at *1 (N.D. Ill. Jan. 29, 2002). *Accord Jones v. Ameriquest Mortgage Co.*, No. 05-CV-0432, 2006 WL 273545, at *8 (N.D. Ill. Jan. 31, 2006), *aff'd sub nom Hamm v. Ameriquest Mortgage Co.*, 506 F.3d 525 (7th Cir. 2007), *cert. denied*, 128 S.Ct. 1706 (2008).

-12-

The Contract was entered into between the Debtor and Barnes on March 23, 2006. Thus, the alleged TILA violations occurred on March 23, 2006. The Trustee filed the instant complaint on February 13, 2008, which is outside the one-year statute of limitation. The Trustee concedes in his brief in support of the motion for default judgment that the complaint was filed after the statute of limitations expired. The Trustee argues, however, that the statute of limitations is an affirmative defense and can be waived. The Trustee fails to cite pertinent case authority in support of his position that the one-year statute of limitation under the TILA can be waived. Rather, the Trustee cites *Marshall v. Metro. Water Reclamation Dist. Retirement Fund*, 697 N.E.2d 1222 (Ill. App. Ct. 1998). This case did not involve the instant TILA statute of limitations issue. Instead, the court addressed disability pension benefits under an Illinois statute. In discussing that statute, the court noted that a statute of limitations constitutes an affirmative defense and is waivable and subject to equitable considerations. *Id.* at 1228. The court further stated the Illinois statute was subject to equitable defenses, such as laches. *Id.* The Court finds the *Marshall* case inapposite and distinguishable from the matter at bar.

Even if the Court were to find that the statute of limitations in the TILA was waivable, there is no evidence in the record to show Barnes intentionally relinquished a known right. Before a party is considered to have waived a right, "a clear and distinct manifestation of such an intent must be found." *Am. Nat'l Bank & Trust Co. of Chi. v. K-Mart Corp.*, 717 F.2d 394, 398 (7th Cir. 1983). A waiver may be explicit or implicit. *Dominick's Finer Foods, Inc. v. Makula*, 217 B.R. 550, 555 (N.D. Ill. 1997), *aff'd*, 172 F.3d 493 (7th Cir. 1999). In particular, waiver requires that an intention to waive be plainly

-13-

inferred from the circumstances and that the waiving party make a "clear, unequivocal, and decisive act" indicating such waiver. *Herzog v. Leighton Holdings, Ltd.*, 239 B.R. 497, 509 (N.D. Ill. 1999) (internal quotation omitted); *In re Nitz*, 739 N.E.2d 93, 103 (Ill. App. Ct. 2000).

The Court rejects the Trustee's argument that Barnes waived its right to assert the statute of limitation because there is no evidence to establish the requisite elements. The Court finds Barnes did not explicitly waive its rights, notwithstanding its default for failure to plead, and the subsequent appearance of counsel with no further action taken to date. Further, the Court finds Barnes did not implicitly waive its right to invoke the statute of limitations. The mere fact Barnes failed to answer the complaint does not constitute a clear, unequivocal, and decisive act of waiver on its part. Thus, the Court finds Barnes has not waived its right to invoke the statute of limitations.

Additionally, for purposes of consistency, the Court found the statute of limitations bars the claim under the TILA against Turner, and finds the statute of limitations also bars that same claim as to Barnes. The Trustee admittedly filed the complaint beyond the one-year statute of limitations in 15 U.S.C. § 1640(e). That Barnes failed to answer the complaint does not change the fact the Trustee filed the complaint after the statute of limitation ran as to both Barnes and Turner. Accordingly, the Court recommends the District Court deny the Trustee's request for a default judgment against Barnes under Count I of the complaint.

-14-

### 3.    Count II of the Complaint

Next, the Trustee seeks a default judgment against Barnes under Count II of the

complaint. Pursuant to this count, the Trustee contends Barnes violated section 2 of the

ICFDBPA.[1] To prove a violation of the ICFDBPA, a plaintiff must demonstrate the

following factors: (1) the defendant engaged in a deceptive act or practice; (2) the defendant

intended that the plaintiff rely on that deception; (3) the deception occurred in the course of

conduct involving trade or commerce; and (4) the act proximately caused damage to the

plaintiff. *Jenkins*, 231 F. Supp. 2d at 747; *Galvan v. Nw. Mem'l Hosp.*, Nos. 1-05-3620, 1-

05-4083, 2008 WL 1790436, at *3 (Ill. App. Ct. Apr. 14, 2008). "The [ICFDBPA] prohibits

deceptive statements or omissions in consumer transactions and is intended to provide

broader protection than common law fraud actions. The act prohibits misrepresentations of

---

[1] Section 2 of the ICFDBPA provides as follows:

> Unfair methods of competition and unfair or deceptive acts or
> practices, including but not limited to the use or employment
> of any deception, fraud, false pretense, false promise,
> misrepresentation or the concealment, suppression or
> omission of any material fact, with intent that others rely upon
> the concealment, suppression or omission of such material
> fact, or the use or employment of any practice described in
> Section 2 of the "Uniform Deceptive Trade Practices Act",
> approved August 5, 1965 [815 ILL. COMP. STAT. 510/2], in
> the conduct of any trade or commerce are hereby declared
> unlawful whether any person has in fact been misled,
> deceived or damaged thereby. In construing this section
> consideration shall be given to the interpretations of the
> Federal Trade Commission and the federal courts relating to
> Section 5(a) of the Federal Trade Commission Act [15 U.S.C.
> § 45].

815 ILL. COMP. STAT. 505/2.

-15-

any nature.  Plaintiffs need not show they actually relied on or used due diligence in ascertaining the accuracy of misstatements, or that a defendant made misrepresentations in bad faith." *April v. Union Mortgage Co.*, 709 F. Supp. 809, 812 (N.D. Ill.1989).  The ICFDBPA grants a private right of action only to a person "who suffers actual damages as a result of a violation of this Act." 815 ILL. COMP. STAT. 505/10a(a).  Thus, a private party must demonstrate an injury attributable to the statutory violation. *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 975 (7th Cir. 1999).

In support of his motion for default judgment, the Trustee submitted his affidavit. (Mot. for Default J. Ex. B.) Therein, the Trustee avers that the false and confusing statement as to the amount due under the Contract constitutes a false statement under section 2 of the ICFDBPA. (*Id.* ¶ 27.) The Trustee contends the Debtor suffered actual damages as a result of the alleged false statement in the Contract. (*Id.* ¶ 28.) Further, the Trustee states the Debtor never would have entered into a contract that she could not comply with and agree to pay 44% interest. (*Id.*) The Trustee also avers that the Contract ultimately led to the Debtor's bankruptcy filing and her financial ruin, as well as the loss of her sole mode of transportation. (*Id.*) Additionally, the Trustee states the Debtor is not an educated woman or sophisticated in business. (*Id.* ¶ 31.) The Trustee concludes that, as a result of this inequitable and unconscionable transaction, the "Debtor was almost certain to default, lose her trade-in, lose her car, and end up in bankruptcy owing to the persistent wage assignments." (*Id.* ¶ 33.)

The Court finds the Trustee has not demonstrated that he is entitled to a default judgment under Count II of the complaint as a matter of law. The Trustee's affidavit fails

-16-

to prove all of the requisite elements for a claim under the ICFDBPA, namely that the alleged

false statement in the Contract proximately caused actual damage to the Debtor. The

Trustee's affidavit is replete with conclusions relative to the Debtor without any underlying

factual bases for same. The Trustee's mere recitation in his affidavit that the Debtor suffered

actual damages is insufficient without more. Specifically, the Trustee's statement that the

Debtor "never would have entered into a contract she could not comply with and agree to pay

44% interest, which [C]ontract ultimately led her to bankruptcy and financial ruin as well as

loss of her sole source of transportation" (*Id.* ¶ 28) is merely conclusory and insufficient to

adequately demonstrate actual damages suffered by the Debtor, which the Trustee for the

bankruptcy estate succeeds to under 11 U.S.C. § 541(a). The Trustee was not a party to the

Contract between the Debtor and Barnes. The Debtor is the obvious alleged victim of the

transaction, and she is competent to testify relative to her claimed damages. However, there

is no evidence in this record from her.

Generally, "[a] 'plaintiff has the burden of proving damages to a reasonable degree

of certainty.'" *Haslund v. Simon Prop. Group, Inc.*, 378 F.3d 653, 658 (7th Cir. 2004)

(*quoting Williams v. Bd. of Educ.*, 367 N.E.2d 549, 553 (Ill. App. Ct. 1977)). "Damages

must be proved, and not just dreamed, though some degree of speculation is permissible in

computing damages, because reasonable doubts as to remedy ought to be resolved against

the wrongdoer." *MindGames, Inc. v. W. Publ'g Co.*, 218 F.3d 652, 658 (7th Cir. 2000)

(internal quotation omitted). Damages cannot be based on pure speculation or guesswork,

but they need not be proven with the certainty of calculus. *BE & K Const. Co. v. Will &

Grundy Counties Bldg. Trades Council*, 156 F.3d 756, 770 (7th Cir. 1998).

-17-

The Trustee failed to show any first hand knowledge concerning the Debtor's claimed damages, and his averments with respect to those damages are speculative at best, if not based on inadmissible hearsay. The Trustee has not demonstrated that, because of this transaction with Barnes, the Debtor was financially ruined and forced to file a bankruptcy petition. The claimed actual damages here, which have not been calculated, have not been shown with a reasonable degree of certainty. Consequently, the Court recommends the District Court deny the Trustee's request for the entry of default judgment against Barnes under Count II of the complaint.

### 4.    Count III of the Complaint

Finally, under Count III of the complaint, the Trustee seeks a default judgment against Barnes. Pursuant to this count, the Trustee contends the Contract should be rescinded as unconscionable on the basis of the 44% interest rate and the wage assignment. For the reasons set forth *supra* with respect to Turner, the Court finds the Contract is not unconscionable as a matter of law based on the presence of the wage assignment and the 44% interest rate. Accordingly, the Court finds the Trustee has not demonstrated that he is entitled to a default judgment as a matter of law. Hence, the Court recommends the District Court decline to enter default judgment against Barnes under Count III of the complaint.

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends the District Court deny the Trustee's motion for default judgment against Barnes under Counts I, II, and III of the complaint. In addition, based on the consent of the Trustee, the Court recommends the

-18-

District Court dismiss Count I of the complaint as to Turner. Finally, the Court recommends the District Court grant Turner's motion to dismiss Count III of the complaint.

This constitutes the Court's proposed findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 9033.

ENTERED:

DATE: ___6/23/8___

_____
John H. Squires
United States Bankruptcy Judge

cc: See attached Service List

## SERVICE LIST

### David P. Leibowitz, Trustee of the Estate of Dorothy Jean Black v. Barnes Auto Group, Inc. and Turner Acceptance Corporation
### Adversary Case No. 08 A 00083

Ronald W. Kalish, Esq.
Steinberg, Goodman & Kalish
20 N. Clark Street
31st Floor
Chicago, IL 60602

Alexander D. Marks, Esq.
Burke, Warren, MacKay & Serritella PC
330 North Wabash Avenue
22nd Floor
Chicago, IL 60611

Ernesto D. Borges, Esq.
Law Offices of Ernesto D. Borges
105 W. Madison Street, 23rd Floor
Chicago, IL 60602

William T. Neary, United States Trustee
219 S. Dearborn Street
Suite 873
Chicago, IL 60604

Diane B. Gordan, Esq.
David P. Leibowitz, Esq.
Leibowitz Law Center
420 West Clayton Street
Waukegan, IL 60085-4216